Scott S. Christie
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com
rpatel@mccarter.com

Erik Paul Belt
Anne E. Shannon
**MCCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>R & P POOLS INC. *d/b/a* LEISURE LIVING *d/b/a* POOLSUPPLIES.COM; FOUR SEASONS POOL SUPPLY; AMZ POOL SUPPLY; and SAVE MORE ON POOL SUPPLIES;<br><br>                    Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Hayward Industries, Inc., accuses R & P Pools Inc. *d/b/a* Leisure Living *d/b/a* Poolsupplies.com  as well as Four Seasons Pool Supply, AMZ Pool Supply, and Save More on Pool Supplies (collectively, "Leisure Living" or "Defendants"), of false advertising, trademark infringement, counterfeiting, passing off, false designation of origin, unfair competition, and related claims, all in violation of the Lanham Act (15 U.S.C. § 1051 *et seq.*), as well as violation of New Jersey statutory and common law, and for infringement of Hayward's copyright-protected works in violation of the Copyright Act, (17 U.S.C. § 101 *et seq.*).

## THE PARTIES

1.      Hayward is a New Jersey corporation having its principal place of business at 400 Connell Drive, Suite 6100, Berkeley Heights, New Jersey 07922.

2.      R & P Pools Inc., *d/b/a* Leisure Living and *d/b/a* PoolSupplies.com ("Leisure Living") operates a retail website at https.www.poolsupplies.com.  R & P Pools Inc. is a New York corporation having its principal place of business at 574 Main Street, Tonawanda, New York 14150.

3.      Four Seasons Pool Supply is, on information and belief, a New York corporation with a principal place of business at 532 Main Street, Tonawanda NY 14150.  Four Seasons is either a company that is wholly owned and/or controlled by Leisure Living or is merely another *d/b/a* of Leisure Living that is an Amazon "storefront" for Leisure Living.[1]

4.      Save More on Pool Supplies is, on information and belief, a New York corporation with a principal place of business at 532 Main Street, Tonawanda NY 14150. Save More on Pool Supplies is either a company that is wholly owned and/or controlled by Leisure Living or is another *d/b/a* of Leisure Living that is an Amazon storefront for Leisure Living.

5.      AMZ Pool Supply is, on information and belief, a New York corporation with a principal place of business at 532 Main Street, Tonawanda NY 14150. AMZ Pool Supply is either a company that is wholly owned and/or controlled by Leisure Living or is another *d/b/a* of Leisure Living that is an Amazon storefront for Leisure Living.[2]

---

[1] An Amazon "storefront" is a section of Amazon.com devoted to one particular seller's products—in this case, a collection of pool equipment—and can be used to mask the true identity of the seller or to allow a seller to segment its product lines by price point or other features.

[2] Because all of the defendants appear to be closely related to, or owned or controlled and operated by R and P Pools, or are all *d/b/a*'s of R and P Pools, all defendants will be referenced as, collectively, "Leisure Living" (the primary *d/b/a* for R & P Pools Inc.) or "Defendants."

2

## JURISDICTION AND VENUE

6.      This action arises under federal law, in particular, under the Lanham Act §§ 32(1) and 43(a) (15 U.S.C. §§ 1114(1) and 1125(a)) and the Copyright Act, 17 U.S.C. § 101, *et seq.* As such, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patent, trademark, copyright, and unfair competition cases).

7.      This case also arises under the statutory and common law of New Jersey. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims because they arise from, or from part of, the same case or controversy as the Copyright Act and Lanham Act claims.

8.      This Court has personal jurisdiction over Leisure Living because Leisure Living has regularly engaged in business in this District and has purposefully targeted its unlawful business activities to the residents of this District by, for example, falsely advertising, offering for sale, and selling infringing, counterfeit products in New Jersey and publishing the infringing copyrighted works in New Jersey.  For instance, Leisure Living advertises, offers for sale, and sells the infringing products, and displays the copyrighted works, through its own interactive, retail website, www.poolsupplies.com.   Leisure Living does not place any geographic restrictions on who can buy its products from these on-line retail sites.  Indeed, when a customer wants to buy a product from the PoolSupplies.com website and goes to the checkout feature and enters address information in the various fields, the customer can select "New Jersey" from a drop-down menu, and "New Jersey" is auto-populated in the required "State" field.  See screen shot below.  As such, these products are made available to New Jersey residents.



9.      Jurisdiction is also proper because Leisure Living sells its products via national, online retailers like Amazon.com, eBay, Jet, and Walmart.  For instance, Leisure Living operates "storefronts" on Amazon, including Four Seasons Pool Supply, Save More on Pool Supplies, and AMZ Pool Supply.  Infringing ads are displayed, and infringing products sold, via these storefronts and retail platforms to anyone in the country, including  residents of New Jersey.



4

10.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Hayward's claims has occurred in this District, Hayward is based in this District, and because Leisure Living is subject to this Court's personal jurisdiction, as alleged above.

## FACTUAL BACKGROUND

### A.     Introduction

11.     Hayward is a leading manufacturer of equipment for commercial and residential swimming pools, such as automated pool cleaning machines, chlorination systems, pumps, heaters, and filters, among other products.  Hayward has been in business for over 80 years and is one of the largest manufacturers and sellers of residential pool equipment in the world. Among Hayward's popular and profitable products is the AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® automated underwater cleaning machines for swimming pools.  Also popular and very commercially successful are the T-CELL line of salt cells, which are used in chlorine generation systems. HAYWARD® AQUABUG® and NAVIGATOR® underwater cleaning machines, and T-CELL salt cells, have been on the market for over 20 years, and Hayward has sold a substantial number of the these products during this time.

12.     By way of example, shown below is a HAYWARD® AQUABUG® cleaning machine, as depicted in a Hayward marketing brochure. These underwater cleaners are still in high demand and sold today.

5



13.     Given the strong commercial success of Hayward's pool cleaners and other pool equipment, Leisure Living has chosen to counterfeit them and to unfairly trade on Hayward's popularity and goodwill.  For example, Leisure Living has advertised and sold HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners but then has refitted the products with unauthorized replacement parts, which, being unauthorized, are material alterations of the products.

14.     Leisure Living has falsely advertised and passed off these altered pool cleaning machines as genuine HAYWARD® pool cleaning products.  For example, when a consumer searches on the Leisure Living websites (such as www.poolsupplies.com) for a HAYWARD® AQUABUG®  underwater cleaning machine, he or she is instead directed to the altered underwater cleaning machine that, in all respects, appears to be a genuine "HAYWARD® AQUABUG®" machine or sponsored or certified by Hayward, but, in fact, is a counterfeit.  The screenshot below shows search results on www.poolsupplies.com for Hayward pool cleaners:

ME1 33707428v.1



15.   These searches link to false and misleading advertisements for the counterfeit products.   In one example below, the product is advertised and represented as a genuine HAYWARD® SHARKVAC BY HAYWARD® pool cleaner but actually contains unauthorized "Certified Refurbished" parts.   While the ad prominently displays the Hayward trademarks, it does not say that Hayward neither certifies nor endorses these "Certified Refurbished" products.

7



https://www.poolsupplies.com/product/haywardreg-sharkvac-xl-certified-refurbished
(accessed March 5, 2020).

     16.    Leisure Living's acts are likely to cause, and have caused, confusion in the marketplace, and Hayward and its reputation as one of the world's leading pool equipment manufacturers will be harmed. Accordingly, Hayward seeks relief under the Lanham Act, as well as under applicable state and common law, for false advertising, trademark infringement,

8

trademark counterfeiting, passing off, false designation of origin, unfair competition, and other related claims.

17.     Adding to the confusion and misconduct, Leisure Living markets, advertises, and sells these products with copies of Hayward's user/owner manuals, instructional manuals, brochures, warranties and the like, without Hayward's permission or authorization.  As a result, Hayward seeks relief under the Copyright Act as well other state and common law.

        **B.**     **Hayward's Products and Trademark Rights**

18.     Hayward owns a family of HAYWARD-formative marks, including the federally-registered HAYWARD® mark, Reg. No. 3,969,301, claiming use in commerce since 1956 in connection with various swimming pool equipment, including, *inter alia*, automatic pool cleaners and underwater pool cleaning machines.  This trademark was registered on May 31, 2011, and, by virtue of years of continuous and uncontested use, is incontestable under 15 U.S.C. § 1065. HAYWARD® serves as the house mark for Hayward's extensive collection of pool equipment products.  A copy of the registration certificate for the HAYWARD mark is attached as **Exhibit A**.

19.     Since at least as early as 1997, Hayward has owned and used the trademark AQUABUG®, U.S. Reg. No. 2,184,852, in connection with underwater swimming pool cleaning machines. The mark was registered on August 25, 1998, and, by virtue of years of continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.  A copy of the registration certificate for the AQUABUG® mark is attached as **Exhibit B**.

20.     Hayward also owns the federally-registered mark AQUANAUT®, U.S. Reg. No. 4,993,931, claiming use in commerce since at least as early as 2015 in connection with automatic swimming pool cleaners.  The mark was registered on July 5, 2016, and, by virtue of years of

ME1 33707428v.1

continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.   A copy of the registration certificate for the AQUANAUT® mark is attached as **Exhibit C**.

21.     Hayward likewise owns the federally-registered mark SHARKVAC BY HAYWARD®, U.S. Reg. No. 4,023,757, claiming use in commerce since as least as early as 2010 in connection with underwater swimming pool cleaning machine. The mark was registered on September 6, 2011, and, by virtue of years of continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.  A copy of the registration certificate for the SHARKVAC BY HAYWARD® mark is attached as **Exhibit D**.

22.     Hayward owns the federally-registered mark NAVIGATOR®, U.S. Reg. No. 2,124,181, claiming use in commerce since at least as early as 1996 in connection with underwater swimming pool cleaning machines. The mark was registered on December 23, 1997, and, by virtue of years of continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.   A copy of the registration certificate for the NAVIGATOR® mark is attached as **Exhibit E**.

23.     Moreover, Hayward owns the federally-registered mark PERFLEX®, U.S. Reg. No. 2,055,038, claiming use in commerce since at least as early as 1971 in connection with swimming pool filters. The mark was registered on April 22, 1997, and, by virtue of years of continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.   A copy of the registration certificate for the PERFLEX® mark is attached as **Exhibit F**.

24.     Furthermore, Hayward owns the federally-registered mark AQUARITE®, U.S. Reg. No.  3,704,835, claiming use in commerce since as early as 1997 in connection with electrolytic chlorine generation systems for use with swimming pools and spas. The mark was registered on November 3, 2009, and, by virtue of years of continuous and uncontested use, has

become incontestable under 15 U.S.C. § 1065.  A copy of the registration certificate for the AQUARITE® mark is attached as **Exhibit G.**

25.     Hayward also owns the federally-registered mark T-CELL-15®, U.S. Reg. No. 6,085,079, claiming use in commerce since as early as 2009 in connection with electrolytic chlorine generators for use with swimming pools and spas. The mark was registered on June 23, 2020, and, by virtue of years of continuous and uncontested use, has become incontestable under 15 U.S.C. § 1065.  A copy of the registration certificate for the T-CELL-15® mark is attached as **Exhibit H.**

26.     Over the years, Hayward has invested substantial money, time, and effort in the development, engineering, manufacturing, marketing, advertising, and sale of the products bearing the above-listed trademarks (the "Hayward Marks").

27.     By virtue of Hayward's continuous use of the Hayward Marks on and in connection with Hayward's pool equipment, by virtue of Hayward efforts and money spent marketing and promoting these products, and by virtue of the high quality of the products, consumers have come to identify the Hayward Marks with Hayward's high quality pool equipment, which have generated substantial goodwill in these marks and associated products.

28.     As a result of that goodwill, the products associated with these Hayward Marks command premium prices in the market, and Hayward has sold a substantial number of these pool-related products over the years.

C.     **Hayward's Copyright-Protected Materials**

29.     Hayward is the owner of all rights of copyright in and to various brochures, user manuals, technical specification sheets, marketing materials, instructional videos, and warranties for the NAVIGATOR®, SHARKVAC BY HAYWARD®, AQUANAUT®, AQUABUG®,

11

PERFLEX®, and AQUARITE® products. Hayward has obtained copyright registrations for these works.  Below is a table showing the registration information for each work.

| Title of Work | Registration No. | Registration Date |
|---|---|---|
| Navigator Pro Sell Sheet | TX 8-880-012 | June 29, 2020 |
| Hayward Owner's Manual 2 Wheel and 4 Wheel Suction Side Pool Cleaners | TX 8-880-173 | July 2, 2020 |
| Hayward Owner's Manual AQUABUG / DIVER DAVE / WANDA THE WHALE / AQUACRITTER Above-Ground Automatic Pool Cleaner | TX 8-880-170 | July 2, 2020 |
| Hayward Owner's Manual Perflex Extended Cycle Filtration System | TX 8-881-738 | July 2, 2020 |
| SharkVac Series Sell Sheet | TX 8-881-935 | June 29, 2020 |
| Hayward Pool Vac XL, Navigator Pro, Pool Vac Classic, Owner's Manual | TX 8-882-027 | July 2, 2020 |
| AquaNaut 200 & 400 Automatic Suction Pool Cleaner Video | PA 2-248-359 | July 14, 2020 |
| Owner's Guide Sandmaster | TX 8-882-962 | July 2, 2020 |
| SharkVac by Hayward Owner's Manual | TX 8-883-187 | July 10, 2020 |

True and correct copies of the registration certificates are attached hereto as **Exhibit I**.

30.    The above-described copyright registrations covering the above-listed works were issued to Hayward by the United States Copyright Office (the "Hayward Copyrights").

12

31.     Hayward has duly complied with all relevant requirements of the Copyright Act with respect to the Hayward Copyrights.

**D.**     **The Market for Underwater Cleaning Machines**

32.     Hayward sells underwater and automatic pool cleaners and related accessories bearing the Hayward Marks through various distribution channels, including through local and national pool equipment retailers (both brick-and-mortar and on-line) and, in particular, through national on-line retailers like Amazon.com, and other authorized dealer websites.

33.     Leisure Living operates an on-line retailer (www.poolsupplies.com) that sells various products for pools and spas, including underwater pool cleaning machines.  Leisure Living, however, competes unfairly by falsely advertising its underwater cleaning machines, by infringing Hayward's trademarks, and by otherwise improperly trading on Hayward's brand identity and goodwill.

34.     Leisure Living is not an authorized online reseller for any Hayward product and is not authorized to use the Hayward Copyrights nor the Hayward Marks.

**E.**     **Leisure Living's Willful Deceit and Unfair Competition**

35.     When a potential customer searches online for HAYWARD pool cleaning machines, for example in a Google search or on www.poolsupplies.com, the customer is instead directed to the infringing counterfeit products.  For example, the search terms "Hayward automatic pool cleaners" on www.poolsupplies.com produced the following results:



36.     As seen above, the very first results showcase the counterfeit HAYWARD® pool cleaning machines. When a customer or potential customer clicks on the advertisement, he or she is redirected to, for example, the following ads (annotated to point out use of the Hayward Marks):

14





See collection of advertisements attached hereto as **Exhibit J.**

37.     The products listed on the website above are advertised as a "HAYWARD®
AQUANAUT®" or "SHARKVAC BY HAYWARD®" pool cleaner but is actually a counterfeit
of a Hayward AQUANAUT® and SHARKVAC BY HAYWARD® pool cleaner.  See also
**Exhibit J** (collection of other similar advertisements for the Hayward Marks).

38.     As seen above, these products are advertised as "Certified Refurbished," and the
prominent use of the Hayward Marks makes it seem as if the products are sponsored or certified
by Hayward.  The ads claim, for example, that "this product meets the same functional standards
as a new HAYWARD® AQUANAUT®."  Additional examples can be seen in the collection of
ads compiled in **Exhibit J**.

39.     Although these pool cleaners are advertised as "HAYWARD" products, and
despite the fact that these advertisements (and the labels on the products) prominently display
the Hayward Marks, they are actually materially altered with unauthorized parts and service and
thus are not genuine Hayward products.

40.     Moreover, the claim that these pool cleaners are "Certified Refurbished,"
"Rebuilt" or "Repaired" is false or misleading and suggests an affiliation with Hayward.  But
Hayward neither certifies nor authorizes the refurbishment of these cleaners and is not affiliated
with Leisure Living.

41.     Leisure Living further contributes to consumer confusion by failing to detail in its
advertising materials the standards by which its pool cleaners are "Certified Refurbished" or
"Rebuilt."  For instance, Leisure Living has not specified whether it is using Hayward-authorized
and quality-approved parts to repair or refurbish these pool cleaners or, instead, is using poor
quality or unauthorized parts.  Regardless, Leisure Living is materially altering and selling
HAYWARD® AQUANAUT®, NAVIGATOR®, AQUABUG®, and SHARKVAC BY

17

HAYWARD® pool cleaners that are no longer genuine or Hayward-approved products.  Leisure Living's flooding the market with these unauthorized "Certified Refurbished" pool cleaners will likely harm Hayward's reputation as a manufacturer of high quality pool products.

42.     In addition to materially altering the pool cleaning Hayward Marks by replacing or repairing parts or otherwise "refurbishing" them without authorization from Hayward, Leisure Living falsely advertises these products claiming "full testing that assures this product meets functional standards as a new Hayward®" or "built with the highest-quality components" or "repaired and/or restored to like-new state," "verified to work properly," "includes all essential parts, features and accessories as a new Hayward" and "2 year limited warranty."

43.     Adding to the confusion, the ads for these products on the Leisure Living website include a "Documents" tab that include PDFs of Hayward documents such as warranties, user manuals and/or product brochures. These Hayward documents further create the impression that the products are genuine and authorized Hayward products sold under the Hayward warranty. But Hayward's genuine warranties no longer apply to products refurbished or rebuilt by unauthorized parties. Moreover, some of the posted warranties are outdated.  Consequently, consumers may seek to have Hayward honor the warranty on any of these products even though they have unauthorized parts and thus are no longer under the warranty.  In that event, Hayward would be made to suffer from unwarranted consumer dissatisfaction, thus tarnishing its brand.

44.     These advertisements suggest to consumers that Hayward has provided a warranty with the product, particularly given that the product is often prominently identified as "HAYWARD®," as seen in the advertisements above and in **Exhibit J**.  As one example, the Documents tab for the SHARKVAC pool cleaner advertised on the Leisure Living website includes the following Hayward warranty:



**Limited Warranty**

**WARRANTY REGISTRATION CARD**

Please fill out the warranty registration card on the cover of this manual. Give complete information as requested on the card, and return to AquaVac Pool Cleaners. Any information or questions you may have concerning your AquaVac or this warranty may be obtained from AquaVac Pool Cleaners. No dealer, distributor, or other similar person has any authority to make any warranties or representations concerning AquaVac Pool Cleaners' products or to extend this warranty beyond the express items contained herein. Accordingly, AquaVac Pool Cleaners assumes no responsibility for any such warranties or representations beyond the express items contained in this limited warranty. This limited warranty is valid and enforceable only in the United States of America on AquaVacs that are owned and operated in the United States of America. This warranty gives you specific legal rights. You may also have other rights which very from state to state. Your AquaVac Pool Cleaner has been manufactured, tested and inspected in accordance with carefully specified engineering requirements. It is warranted to be free from defects in material and workmanship.

| MODEL | WARRANTY PERIOD | COVERAGE |
|---|---|---|
| SharkVac by Hayward | 1 - Year | Parts & labor on complete unit, power train, motor unit, and power supply, excluding filters. |

45.     By falsely advertising a "2 year limited warranty" and including a Hayward warranty document and/or Hayward manual or brochure with the altered products (which Hayward definitely does not warranty), Leisure Living is misleadingly suggesting that the altered products are somehow genuine Hayward products covered under Hayward's warranties. Customers are thus likely to be confused and to contact Hayward when they have problems with the altered pool cleaners. But because the product is not under the Hayward warranty, the dissatisfied customers will hold that against Hayward and are likely to complain on Yelp.com or other consumer ratings social media sites. Such confusion will harm Hayward's goodwill and reputation among Hayward's current and prospective customers.

46.     Additionally, Leisure Living advertises and sells Hayward's AQUARITE® salt chlorine generator. On the Leisure Living website under the Document tab for the AQUARITE®

19

the website includes several Hayward documents, unauthorized by Hayward, including a user manual and "Technical Specifications."  The Technical Specifications document is an older Hayward document for an older model and includes outdated information.

47.    As a result, the AQUARITE® product is being sold with non-conforming documents that constitute material alterations, thus rendering the product counterfeit.  At the least, the inclusion of out-of-date manuals will confuse customers and harm Hayward's reputation. Consumers who may have issues with the product, due to the outdated documents, will be dissatisfied with Hayward and thus tarnish its brand.

48.    By posting without Hayward's permission, outdated Hayward documents misleadingly suggests that the altered products are certified, sponsored or affiliated by Hayward. Leisure Living is improperly trading on Hayward's brand recognition and goodwill.

**F.    Leisure Living's Acts of Copyright Infringement**

49.    Leisure Living has also copied, without Hayward's authorization or permission, Hayward's user manuals, instruction sheets, brochures, and videos and has distributed these materials on the www.poolsupplies.com website, thereby infringing the Hayward Copyrights in order to unlawfully compete with Hayward.   Indeed, the brochures and manuals for the "Certified Refurbished" HAYWARD® AQUANAUT®, SHARKVAC BY HAYWARD®, NAVIGATOR®, and AQUABUG® are exact copies from Hayward.   Notably, the text, photographs, and artwork, images, and graphics contained in the Hayward Copyrights are used by Leisure Living without Hayward's permission.  As seen below, these copyrighted works are included under the "Documents" tabs of the product advertisements on the Leisure Living website.

20



50.     In   addition,   Leisure   Living   also   copies   and   distributes   on   the

www.poolsupplies.com website unauthorized copies of Hayward Owner's Manual PERFLEX®

Extended Cycle Filtration System, Automatic Chlorine Feeders Manuals, and AQUANAUT®

videos. The text, script, photographs, artwork images, graphics, editing, and animation contained

in the Hayward Copyrights are used by Leisure Living and are exact copies from Hayward. To

wit:

ME1 33707428v.1



51.     Leisure Living's unauthorized reproduction of Hayward's copyrighted materials has caused and will continue to cause irreparable harm to Hayward's business and its long standing goodwill.

### G.     Leisure Living's Infringement via Its Amazon Storefronts

52.     Leisure Living is also committing the same or similar acts of trademark infringement, false advertising, unfair competition, and copyright infringement through its Amazon Storefronts.

53.     For example, via Leisure Living's Amazon storefront, "Save More on Pool Supplies," Leisure Living advertises and sells Hayward products like the HAYWARD® T-CELL-15® salt cell.  Leisure Living advertises the T-CELL-15® salt cell as being sold by Hayward.  Upon on closer inspection, and as circled below, the product is actually sold and

22

shipped by Save More on Pool Supplies.   Moreover, although a customer would not know it from the product headline, the product is used, not a new, genuine T-CELL-15 salt cell.







### From the manufacturer

**Hayward Genuine TurboCells**

*The best quality. The best value. The best choice.*

In pools across America, genuine Hayward TurboCells have delivered proven reliability for the past two decades. Known for their high quality, long life and NSF certification, it's no wonder Hayward TurboCells are the best salt chlorination cells in the world, with over 1 million installations.

- Independently certified by the National Sanitation Foundation (NSF).
- Backed by one of the oldest and largest U.S. pool equipment companies.
- Made in the U.S.
- Independently tested and safety certified for use with Hayward salt chlorinators.

View larger

**HAYWARD**

**About Hayward**

For over 80-years, Hayward has been helping pool owners enjoy the pleasures of pool ownership by manufacturing cutting edge, technologically advanced pool equipment worldwide. Our goal is that at the end of the day, your only concern is to turn your equipment on and off.



**Beware of Imitations**

Other salt chlorination cells may talk a good game, but what they don't say will cost you. With other replacement cells, you get what you pay for: lower quality and shorter operating life. And, importantly, imitation cells have not been properly safety tested with Hayward controllers and should not be used.

Through independent tests by the leading authority in electrolytic cells, some generic cells have been shown to have 75% less operating life than a Genuine Hayward T-CELL-15.

Generic cells are not safety certified for use with Hayward salt chlorinators.

View larger

https://www.amazon.com/Hayward-W3T-Cell-15-TurboCell-Chlorination-Swimming/dp/B07SQ2NLCF/ref=sr_1_6?dchild=1&m=A2N5I30GK5BT1C&marketplaceID=ATVPDKIKX0DER&qid=1595558524&s=merchant-items&sr=1-6&th=1 (accessed on July 23, 2020).

54.     In the above advertisement, the product is advertised as it originated from Hayward and includes information and statements "About Hayward," "T-Cell-15" product, and that it is "independently certified by the National Sanitation Foundation ("NSF")," which suggests deceptively that this product originates from, or is endorsed or certified by, Hayward.

55.     Because this salt cell is used, not new, and Leisure Living is not an authorized online reseller for Hayward products, customers have purchased the product from Save More on Pool Supplies and then have called Hayward, instead of Leisure Living, when the product broke. To wit:

 Ponch

⭐☆☆☆☆ **From bad support/warranty coverage to worse (recent changes at Hayward).**
Reviewed in the United States on June 1, 2018
Style: 40,000 Gallon (T-CELL-15) | **Verified Purchase**

Salt Cell failed after 1 year. Amazon sends you to Hayward support, but Hayward will do nothing. You will need to go to a dealer. Hayward support was bad before, but you could get support by waiting an hour on the phone in the past. This is no longer the case. If you don't use an authorized dealer, you'll be out of luck. Hayward needs to make it clear that buying from Amazon or not going to a local dealer will not include any warranty or support, and that the Hayward residential support team is now essentially a facade. More importantly, with the recent shift at Hayward, they need to stop selling direct to consumers.
Amazon needs to stop misinforming (there's a 'get support' link for the order that sends you to Hayward) & make Hayward stop this dishonest business practice of selling direct to consumers & not honoring the warranty. We need to know ahead of time to buy from a dealer & not Amazon if we want warranty, Things have really gone downhill at Hayward in terms of support. Be aware.


**Sue Nami**

★☆☆☆☆  **warranty replacement cell (1 year warranty) sold as new 3-year warranty cell**
Reviewed in the United States on June 4, 2018
Style: 40,000 Gallon (T-CELL-15) | **Verified Purchase**

I ordered a new T-CELL-15. When it arrived it was apparent that inside the box was a "warranty replacement cell" marked clearly "not to be sold as new". The serial number did not match the serial number on the box label, and, as such, the 3 year warranty on the box is in fact a 1 year warranty from the warranty replacement cell. Serial numbers tell all. Don't get fooled.

56.      In the above referenced reviews, the customers provided negative and dissatisfied reviews.  In the first review, the customer called Hayward, despite purchasing it from Leisure Living's Amazon storefront, Save More on Pool Supplies, to complain about the product failing after one year. Although the product appeared to be an authentic Hayward product, it is not from an unauthorized dealer and thus not covered under the warranty.  Even though the customer learned afterwards that Hayward products purchased from unauthorized dealers voids the warranty, the customer was *still* disgruntled with Hayward.

57.      In the second review, the confused customer purchased what appeared to be a genuine and new Hayward product from Hayward. Upon opening the box, the box was marked "not to be sold as new," the serial numbers did not match the product and box, and the warranty was misleading.  These confusing advertisements result in unwarranted customer dissatisfaction and tarnishes Hayward's brand.

58.      Also, via Leisure Living's "Four Seasons Pool Supply" storefront, Leisure Living advertises and sells HAYWARD AQUANAUT pool cleaners, similar to the ones sold on its own website.  Like the salt cell discussed above, these pool cleaners are used, but Leisure Living passes off these pool cleaners as new products sold by Hayward, as seen in the following example:

25



https://www.amazon.com/Hayward-W3PHS21CST-AquaNaut-Automatic-Cleaner/dp/B07SR4N4F6/ref=sr_1_12?dchild=1&keywords=%22four+seasons+pool+supply%22+hayward&m=A9HEF3NCNW35R&qid=1595462786&s=merchant-items&sr=1-12 (accessed July 23, 2020).

59.    In this example, the product is advertised as "by Hayward" and includes a link to Hayward's website.  The headline of the ad and the product description includes the Hayward trademarks and suggests that this a genuine, new Hayward pool cleaner. The product appears to be, in all respects, a genuine, new Hayward product. But in fine print on the right of the ad, the product is actually used and is sold by Four Seasons Pool Supply.

60.    Because the product is used, it fails quickly and, due to the confusion created by the ad, Hayward, not Leisure Living, gets blamed, as seen in the product reviews linked to this ad.  For example:



61.    Because the product is in a used condition and is sold by an unauthorized online reseller (Leisure Living via its Four Seasons storefront), the warranty no longer applies.  Thus, the consumers are confused and, as seen above, blame Hayward, not Leisure Living.

**H.    Leisure Living's Acts are Willful**

62.    Leisure Living has at least constructive knowledge of the Hayward Marks because, *inter alia*, the Hayward Marks are registered on the principal federal register of trademarks, thus providing at least constructive notice.  Moreover, the Marks are incontestable by virtue of years of continuous and uncontested use, and thus Leisure Living could not possibly have a basis to challenge these marks. Also, Hayward is a pool industry giant, and it is thus unlikely that Leisure Living which is also in the pool industry, would not know of Hayward and its trademarks.

63.    In addition, Hayward previously warned Leisure Living about the unfair and deceptive conduct, as described above, and its copyright infringement.  Specifically, in a letter

dated March 25, 2020, Hayward advised Leisure Living that, by advertising and selling the products under the Hayward Marks on its website with unauthorized third-party parts, it was committing false advertising and unfair competition, among other violations under the Lanham Act and the Copyright Act.  **Exhibit K**, Letter from Erik P. Belt of McCarter English, LLP, to Leisure Living, dated March 25, 2020.

64.    Leisure Living has removed some of the infringing content but refuses to acknowledge and respect Hayward's trademarks and copyright-protected material including any past damage the advertisements caused to Hayward's reputation and good will.

65.    As a result of these communications, Leisure Living has actual knowledge of the infringing and counterfeit nature of the advertising and sale of the Hayward Marks and Hayward's copyright-protected material through its websites and on the Internet generally.

66.    As a result of the above-described acts, Leisure Living takes advantages of, and harms  Hayward's good will and reputation. These acts cause injury to Hayward's reputation and business interests.

67.    Such conduct has and will continue to deprive Hayward of hundreds of thousands of dollars in lost sales, good will, reputation, and diminish the value of Hayward's valuable intellectual property rights.  Unless such conduct is enjoined, Leisure Living will severely inhibit or destroy the identity of Hayward products as the exclusive source of goods to which the Hayward Marks are affixed.

## I.     Leisure Living's Improper Interference with Hayward's Distribution Agreements

68.    Hayward sells many of its products, including the products mentioned above, through a networks of authorized distributors and retailers.  These agreements often include limitations on resale of the products.  For instance, in some cases, distributors may not sell

28

certain products to retailers for resale over the internet to the general population because, for example, the products are configured for professional use.  In other cases, the foreign distributors may not sell products to retailers for resale in the U.S.  In these cases, the products are configured for sale in those foreign countries and to comply with foreign laws.  As one example, products configured for sale in Canada include instruction manuals and brochures written in both French and English to comply with Canadian law.

69.     Hayward has discovered that Leisure Living has obtained the Hayward products it offers for sale on its website and through its Amazon storefronts from distributors who have agreements restricting resale over the Internet or back into the United States. At least one of these distributors is a Canadian company that may not distribute products for resale back into the United States.

70.     Hayward has warned Leisure Living in the past not to obtain such products for sale in violation of the distribution agreements

71.     But, on information and belief, Leisure Living has obtained Hayward products for resale, including the products described above, by concealing from the distributors how and where the products would be sold, thus causing the distributors to violate their agreements with Hayward.

72.     On top of that, Leisure Living is selling the products by infringing on Hayward's Marks and Copyrights, as detailed above, thus adding to the improper nature of the resales.

**COUNT I**
**False Advertising**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)[3]**

73.     Hayward re-alleges and incorporates by reference Paragraphs 1-72 above as if fully set out herein.

74.     Hayward and Leisure Living compete in the market for pool cleaners and equipment.

75.     Leisure Living offers for sale, sells, and advertises in interstate commerce purportedly genuine "Certified Refurbished" HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® underwater cleaning machines for pools, although in reality, these pool cleaners have been materially altered to contain unauthorized repaired or refurbished parts rather than the original, authorized HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® parts.

76.     The advertisements for pool cleaners falsely or misleadingly suggest to consumers that Hayward authorizes, warrants, or certifies the HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® cleaners that Leisure Living sells with the unauthorized parts.

77.     Leisure Living claims that the products are "Certified Refurbished" are materially false and/or misleading in that they are likely to influence consumers' purchasing decisions concerning pool cleaners.

78.     These advertisements also claim that these products are subject to "full testing that assures this product meets functional standards as a new Hayward®" or "built with the highest-quality components" or "repaired and/or restored to like-new state," "verified to work

---

[3] All claims are asserted against all defendants, unless otherwise noted.

properly," "includes all essential parts, features and accessories as a new Hayward" and "2 year limited warranty." These claims are materially false and/or misleading in that it also is likely to influence consumers' purchasing decisions concerning underwater pool cleaners.

79.    Leisure Living claims, falsely or misleadingly that the products are under Hayward's warranty or that they are a genuine HAYWARD® products are materially false and/or misleading in that they are likely to influence consumers' purchasing decisions concerning pool cleaners.

80.    Leisure Living's advertisements and conduct are likely to deceive or confuse consumers and will continue to do so unless the conduct is enjoined.

81.    Leisure Living's conduct is willful and deliberate, has injured Hayward, and will continue to injure Hayward unless the conduct is enjoined.

82.    Leisure Living knows or should have known that the ads are false and/or misleading, particularly because Hayward has previously warned Leisure Living about such claims on a previous occasion.

83.    Leisure Living's false and deceptive advertising violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.    Hayward has been, and continues to be, damaged by Leisure Living's false and deceptive advertising, including through (a) diversion of customers or potential customers for replacement HAYWARD®, AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners; and (b) diminishing of the goodwill in the Hayward Marks.

85.    Hayward has no adequate remedy at law to fully redress these injuries.

31

**COUNT II**
**Federal Trademark Infringement of the HAYWARD® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

86. Hayward re-alleges and incorporates by reference Paragraphs 1-85 above as if fully set out herein.

87. Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the HAYWARD® registered mark is *prima faci*e evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

88. Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

89. Leisure Living's unauthorized use of the HAYWARD® mark, as summarized above (e.g., on or in connection with the sale and promotion of the "Certified Refurbished" HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT®  cleaners with unauthorized parts), as well as in connection with the AQUARITE®, PERFLEX®, and T-CELL-15® products, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's products.

90. The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

91. Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

ME1 33707428v.1

92.     Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

93.     By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT III**
**Federal Trademark Infringement of the AQUABUG® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

94.     Hayward re-alleges and incorporates by reference Paragraphs 1-93 above as if fully set out herein.

95.     Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the AQUABUG® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

96.     Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

97.     Leisure Living's unauthorized use of the AQUABUG® mark, as summarized above (*e.g*., on or in connection with the sale and promotion of the "Certified Refurbished" HAYWARD® AQUABUG® pool cleaners with unauthorized parts), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's pool cleaners.

98.     The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

33

99.     Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

100.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

101.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT IV**
**Federal Trademark Infringement of the AQUANAUT® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

102.    Hayward re-alleges and incorporates by reference Paragraphs 1-101 above as if fully set out herein.

103.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the AQUANAUT® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

104.    Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

105.    Leisure Living's unauthorized use of the AQUANAUT® mark, as summarized above (*e.g.*, on or in connection with the sale and promotion of the "Certified Refurbished" HAYWARD® AQUANAUT®   pool cleaners with unauthorized parts), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's pool cleaners.

34

106.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

107.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

108.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

109.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT V
### Federal Trademark Infringement of the NAVIGATOR® Mark in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

110.    Hayward re-alleges and incorporates by reference Paragraphs 1-109 above as if fully set out herein.

111.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the NAVIGATOR® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

112.    Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

113.    Leisure Living's unauthorized use of the NAVIGATOR® mark, as summarized above (e.g., on or in connection with the sale and promotion of the "Certified Refurbished" HAYWARD® NAVIGATOR® pool cleaners with unauthorized parts), is likely to cause

ME1 33707428v.1

consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's pool cleaners.

114.   The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

115.   Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

116.   Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

117.   By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT VI**
**Federal Trademark Infringement of the SHARKVAC BY HAYWARD® Mark**
**in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

118.   Hayward re-alleges and incorporates by reference Paragraphs 1-117 above as if fully set out herein.

119.   Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the SHARKVAC BY HAYWARD® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

120.   Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

36

121.    Leisure Living's unauthorized use of the SHARKVAC BY HAYWARD® mark, as summarized above (*e.g*., on or in connection with the sale and promotion of the "Certified Refurbished" SHARKVAC BY HAYWARD® pool cleaners with unauthorized parts), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's pool cleaners.

122.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

123.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

124.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

## COUNT VII
### Federal Trademark Infringement of the AQUARITE® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

125.    Hayward re-alleges and incorporates by reference Paragraphs 1-124 above as if fully set out herein.

126.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the AQUARITE® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

127.    Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

ME1 33707428v.1

128.    Leisure Living's unauthorized use of the AQUARITE® mark, as summarized above (*e.g.*, on or in connection with the sale and promotion of the chlorine generation systems products with material alterations), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's salt systems.

129.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

130.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

131.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

132.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT VIII
### Federal Trademark Infringement of the PERFLEX® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

133.    Hayward re-alleges and incorporates by reference Paragraphs 1-132 above as if fully set out herein.

134.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the PERFLEX® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

135.    Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

136.    Leisure Living's unauthorized use of the PERFLEX® mark, as summarized above (*e.g.*, on or in connection with the sale and promotion of the filters with material alterations), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's filters.

137.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

138.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

139.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

140.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT IX
### Federal Trademark Infringement of the T-CELL-15® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

141.    Hayward re-alleges and incorporates by reference Paragraphs 1-140 above as if fully set out herein.

142.    Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-15® registered mark is *prima facie* evidence of the validity of that registration, Hayward's

ME1 33707428v.1

ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

143.    Hayward's federal trademark registration constitutes constructive notice to Leisure Living of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

144.    Leisure Living's unauthorized use of the T-CELL-15® mark, as summarized above (*e.g.*, on or in connection with the sale and promotion of the salt cells with material alterations), is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's salt cells.

145.    The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

146.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

147.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

148.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT X**
**Federal Trademark Counterfeiting**
**in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114**

149.    Hayward re-alleges and incorporates by reference Paragraphs 1-148 above as if fully set out herein.

ME1 33707428v.1

150.    Hayward sells in interstate commerce pool cleaners and other pool equipment bearing the HAYWARD® AQUARITE®, PERFLEX®, AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, T-CELL-15® and AQUANAUT® federally registered marks. Genuine HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners, AQUARITE® chlorine generation systems, PERFLEX® filters, and T-CELL-15® salt cells are expertly designed.   Given the high quality of these genuine HAYWARD® products, and based on continuous use of the marks over many years, the Hayward Marks have come to stand for high quality products and have developed substantial goodwill.   Consumers associate that high quality, reputation, and goodwill with a unique source, namely, Hayward.

151.    Without authorization, but with both constructive and actual knowledge of Hayward's superior rights in the Hayward Marks, Leisure Living is advertising, offering for sale, and selling in interstate commerce counterfeit products bearing the Hayward Marks that are confusingly similar and by packaging Hayward user manuals, brochures, and warranty information and/or outdated technical specifications with the products.   Leisure Living sells its counterfeit products in direct competition with Hayward's sale of genuine HAYWARD® products and authorized replacement parts.

152.    Leisure Living's use of copies or simulations of the Hayward Marks on or in connection with its products is likely to cause confusion, mistake, or deception as to the source or origin of the cleaners or salt systems, thus deceiving consumers into believing that the counterfeit Leisure Living pool cleaners are genuine HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, AQUANAUT®, T-CELL-15®, AQUA

41

RITE®, and PERFLEX® products or are otherwise authorized, sponsored by, or affiliated with Hayward.

153.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

154.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

155.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XI**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**by Unauthorized Use of the HAYWARD® AQUABUG®, NAVIGATOR®,**
**SHARKVAC BY HAYWARD®, AQUANAUT®, AQUA RITE® ,**
**PERFLEX® , AND T-CELL-15® Marks**

156.    Hayward re-alleges and incorporates by reference Paragraphs 1-155 above as if fully set out herein.

157.    Hayward and Leisure Living compete in the market for pool equipment, including pool cleaners, chlorine generation systems, pool filters, and salt cells.

158.    Leisure Living's unauthorized use of the Hayward Marks, as summarized above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Leisure Living's products.

159.    Leisure Living's unauthorized use of the Hayward Marks, as described above, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42

160.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

161.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

162.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XII**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**<u>by Passing Off</u>**

163.    Hayward re-alleges and incorporates by reference Paragraphs 1-162 above as if fully set out herein.

164.    Hayward and Leisure Living compete in the market for pool equipment, including pool cleaners, chlorine generation systems, pool filters, and salt cells.

165.    Hayward advertises, offers for sale, and sells in commerce pool equipment bearing the Hayward Marks.  The Hayward Marks appear on the product, on the on-line advertising and marketing materials, including the user manuals and associated documents used in connection with the sale and marketing of Hayward Marks and associated products.

166.    As described above, Leisure Living advertises, offers for sale, and sells pool equipment products that bear one or more of the Hayward Marks but that are materially different from genuine HAYWARD® products.  Leisure Living has materially altered the HAYWARD® products by replacing the Hayward parts with unauthorized parts and/or by including with the products outdated technical manuals and void warranties.

43

167.    Leisure Living actively promotes on its websites such as www.poolsupplies.com and Amazon Storefronts pool cleaners as "refurbished" HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® and HAYWARD® T-CELL-15® salt cells when, in fact, they are counterfeit Leisure Living pool cleaners and/or salt cells.  Hayward has not authorized this conduct.

168.    Such conduct constitutes passing off in violation of Section 43(a) of the Lanham Act.

169.    Leisure Living passing off is likely to cause confusion, mistake, or deception as to the source or origin of the pool cleaners, and has diverted sales from Hayward.

170.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

171.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

172.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XIII
## False Advertising in Violation of N.J.S.A. § 56:8-2 *et seq*.

173.    Hayward re-alleges and incorporates by reference Paragraphs 1-172 above as if fully set out herein.

174.    Leisure Living sells and advertises pool cleaners and other pool equipment that are consumer goods.

175.    Leisure Living has engaged in trade or commerce in this state by advertising, offering for sale, and selling pool cleaners in New Jersey.

ME1 33707428v.1

176.    Through its above-described conduct of falsely or misleadingly advertising pool cleaners and other pool equipment under the Hayward Marks, Leisure Living has used unconscionable commercial practices, deception, fraud, and misrepresentation concerning the nature of its pool cleaners with the intent that consumers reply on such fraud, deception, and misrepresentation.

177.    Leisure Living's false advertising is likely to cause confusion, mistake, or deception as to the source or origin of the pool cleaners and other pool equipment and/or authorization or sponsorship by Hayward and, as such, has diverted sales from Hayward.

178.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

179.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

180.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XIV
## Unfair Competition in Violation of N.J.S.A. § 56:4-1

181.    Hayward re-alleges and incorporates by reference Paragraphs 1-180 above as if fully set out herein.

182.    Hayward and Leisure Living compete in the market for pool cleaners and other pool equipment.

183.    Leisure Living has engaged in trade or commerce in New Jersey, as described above.

45

184.    Leisure Living has willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the Hayward Marks, false advertising, counterfeiting, and passing off.

185.    Leisure Living's unfair acts or practices and unfair methods of competition are likely to cause confusion, mistake, or deception as to the source or origin of the underwater pool cleaners and other pool equipment and/or authorization or sponsorship by Hayward.

186.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

187.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

188.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XV**
**Trademark Infringement and Unfair Competition**
**under New Jersey Common Law**

189.    Hayward re-alleges and incorporates by reference Paragraphs 1-188 above as if fully set out herein.

190.    Hayward and Leisure Living compete in the market for pool cleaners and other pool equipment.

191.    Hayward has continuously and exclusively used in New Jersey and nationally the Hayward Marks on and in connection with the sale of pool cleaners and other pool equipment at least since 1998 or even earlier.

ME1 33707428v.1

192.    Leisure Living has misappropriated the Hayward Marks by using them on, or in connection with the sale of, unauthorized and materially altered pool cleaners and other pool equipment.

193.    Leisure Living also has committed false advertising, counterfeiting, and passing off, as described above.

194.    Leisure Living's trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of the pool cleaners and/or authorization or sponsorship by Hayward and, as such, has diverted sales from Hayward.

195.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

196.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

197.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XVI
## Unjust Enrichment

198.    Hayward re-alleges and incorporates by reference Paragraphs 1-197 as though fully set forth herein.

199.    As detailed above, Hayward expended considerable time and resources in creating, developing and maintaining the Hayward Marks and the trademarked products. This undertaking required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations and their impact on the pool equipment industry.

47

200.     By virtue of its significant efforts and labor, embodied in the Hayward Marks and associated products, Leisure Living has profited from its sales of the "refurbished" or "repaired" products under the Hayward Marks.   As stated in full above, Leisure Living took its own parts, materially altered the products, and sold them under the Hayward Marks, without authorization.

201.     But for the benefit of the Hayward Marks and associated products, Leisure Living would have had to expend considerable time and expense in independent research and development of automatic pool cleaners and other pool equipment in order to enter the relevant market and directly compete with Hayward.

202.     Leisure Living has been unjustly enriched by retaining this benefit and profiting from the Hayward Marks and associated products without providing Hayward any payment. As a result of Leisure Living's wrongful acts, Hayward has suffered and will continue to suffer significant commercial, monetary and other damages.

**COUNT XVII**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX-8-880-012 ("Navigator Pro Sell Sheet")**

203.     Hayward incorporates the allegations of Paragraphs 1-202 as if set forth fully herein.

204.     Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "Navigator Pro Sell Sheet," which is the subject of U.S. Registration TX 8-880-012.

205.     Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

48

206.    Leisure Living's infringing documents copied verbatim the copyrighted elements embodied in U.S. Registration TX 8-880-012.

207.    Such infringement of the Navigator Pro Sell Sheet, U.S. Registration TX 8-880-012, includes Leisure Living's copying of photographs, artwork, and text.

208.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute the Navigator Pro Sell Sheet or any elements of  U.S. Registration TX 8-880-012.

209.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

210.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

211.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XVIII**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-880-173**
**("Hayward Owner's Manual 2 Wheel and 4 Wheel Suction Side Pool Cleaners")**

212.     Hayward incorporates the allegations of Paragraphs 1-211 as if set forth fully herein.

213.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "Hayward Owner's Manual 2 Wheel and 4 Wheel Suction Side Pool Cleaners," which is the subject of U.S. Registration TX 8-880-173.

49

214.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

215.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-880-173.

216.    Such infringement of U.S. Registration TX 8-880-173 includes Leisure Living's copying of artwork and text.

217.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-880-173.

218.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

219.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

220.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XIX**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-880-170 ("Hayward Owner's Manual for AQUABUG/DIVER DAVE/WANDA**
**WHALE/AQUACRITTER Above Ground Automatic Pool Cleaner")**

221.    Hayward incorporates the allegations of Paragraphs 1-220 as if set forth fully herein.

222.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "Hayward Owner's Manual for AQUABUG/DIVER DAVE/WANDA WHALE/AQUACRITTER Above Ground Automatic Pool Cleaner," which is subject to U.S. Registration TX 8-880-170.

50

223.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

224.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-880-170.

225.    Such infringement of U.S. Registration TX 8-880-170 includes Leisure Living's copying of photographs, artwork, and text.

226.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-880-170.

227.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

228.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

229.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XX**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-881-738 ("Hayward Owner's Manual Perflex Extended Cycle Filtration System")**

230.     Hayward incorporates the allegations of paragraphs 1-229 as if set forth fully herein.

231.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled 'Hayward's Owner's Manual Perflex Extended Cycle Filtration System," which is subject to U.S. Registration TX 8-880-738.

232.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

233.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-881-738.

234.    Such infringement of U.S. Registration TX 8-881-738 includes Leisure Living's copying of photographs, artwork, and text.

235.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-881-738.

236.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

237.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

238.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXI**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-881-935 ("SharkVac Series Sell Sheet")**

239.     Hayward incorporates the allegations of Paragraphs 1-238 as if set forth fully herein.

240.    Hayward has complied with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "SharkVac Series Sell Sheet," which is the subject of U.S. Registration TX 8-881-935.

52

241.     Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

242.     Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-881-935.

243.     Such infringement of U.S. Registration TX 8-881-935 includes Leisure Living's copying of photographs and text.

244.     Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-881-935.

245.     By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

246.     Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

247.     The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXII**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-882-027**
**("Hayward Pool Vac XL, Navigator Pro, Pool Vac Classic, Owner's Manual")**

248.     Hayward incorporates the allegations of Paragraphs 1-247 as if set forth fully herein.

249.     Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "Hayward Pool Vac XL Navigator Pro, Pool Vac Classic, Owner's Manual," which is subject to U.S. Registration TX 8-882-027.

ME1 33707428v.1

250.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

251.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-882-027.

252.    Such infringement of U.S. Registration TX 8-882-027 includes Leisure Living's copying of artwork and text.

253.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-882-027.

254.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

255.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

256.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXIII**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**PA 2-248-359 ("AquaNaut 200 & 400 Automatic Suction Pool Cleaner Video")**

257.    Hayward incorporates the allegations of Paragraphs 1-256 as if set forth fully herein.

258.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "AquaNaut 200 & 400 Automatic Suction Pool Cleaner Video," which is subject to U.S. Registration PA 2-248-359.

ME1 33707428v.1

259.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

260.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration PA 2-248-359.

261.    Such infringement of U.S. Registration PA 2-248-359 includes Leisure Living's copying of animation, script, editing, production, direction, and cinematography.

262.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration PA 2-248-359.

263.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

264.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

265.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXIV**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-882-962 ("Owner's Guide SandMaster")**

266.    Hayward incorporates the allegations of Paragraphs 1-265 as if set forth fully herein.

267.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "Owner's Guide SandMaster," which is subject to U.S. Registration TX 8-882-962.

268.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

269.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-882-962.

270.    Such infringement of U.S. Registration TX 8-882-962 includes Leisure Living's copying of text and artwork.

271.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-882-962.

272.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

273.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

274.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXV**
**Copyright Infringement in Violation of 17 U.S.C. §501**
**TX 8-883-187 ("SharkVac by Hayward Owner's Manual")**

275.    Hayward incorporates the allegations of Paragraphs 1-274 as if set forth fully herein.

276.    Hayward has compiled with all statutorily formalities of the Copyright Act with respect to the registration of protectable elements of the work entitled "SharkVac by Hayward Owner's Manual," which is subject to U.S. Registration TX 8-883-187.

56

277.    Leisure Living had access to Hayward's copyright-protected documents and copied them by including them on its website (at www.poolsupplies.com) and in connection with advertisements for Hayward pool equipment, as detailed above.

278.    Leisure Living's infringing works copied verbatim the copyrighted elements in U.S. Registration TX 8-883-187

279.    Such infringement of U.S. Registration TX 8-883-187 includes Leisure Living's copying of text, photographs and artwork.

280.    Hayward has never licensed or authorized Leisure Living to copy, reproduce, or distribute Hayward's U.S. Registration TX 8-883-187.

281.    By reason of the foregoing, Leisure Living has infringed the Hayward Copyrights in violation of 17 U.S.C. § 501.

282.    Upon information and belief, Leisure Living's infringement of the Hayward Copyrights has been deliberate, willful, and in utter disregard of Hayward's rights.

283.    The illegal and unauthorized acts of Leisure Living alleged herein have caused Hayward irreparable harm to its business and to the value of the Hayward Copyrights.

**COUNT XXVI**
**Tortious Interference with Prospective Economic Advantage**

284.    Hayward re-alleges and incorporates by reference Paragraphs 1-283 above as if fully set out herein.

285.    Through its trademark infringement, false advertising, counterfeiting and other unfair competition, all as described above, Leisure Living has intentionally and improperly interfered with Hayward's prospective sales of automatic pool cleaners and other products to consumers in New Jersey and elsewhere.

286.     By deceiving customers into believing that its automatic pool cleaning machines are somehow a "Certified Refurbished," "full testing that assures this product meets the same functional standards as a new Hayward," "repaired and/or restored to like-new state," "verified to work properly," and "includes all essential parts, features and accessories as a new Hayward" and includes a "2 year limited warranty," or any other false or misleading claims that suggest certification, authorization, or sponsorship by Hayward, Leisure Living has improperly diverted sales from Hayward and has prevented Hayward from selling its genuine HAYWARD® automatic pool cleaning machines and other products to its customers.

287.     But for Leisure Living's wrongful conduct, Hayward likely would have made the sales that Leisure Living actually made.

288.     Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

289.     Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

290.     By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XXVII
## Tortious Interference with Contracts

291.     Hayward re-alleges and incorporates by reference Paragraphs 1-290 above as if fully set out herein.

292.     Hayward has contracted with third parties to distribute Hayward pool equipment to retailers for resale to various segments of the public.  Such contracts contain restrictions on distribution, as summarized above.

293.    Hayward warned Leisure Living about such restrictions. Nonetheless, knowing of these restrictions, Leisure Living purchased from distributors Hayward products for resale and concealed from the distributors how and where Leisure Living would resell the products.  In fact, Leisure Living resold Hayward products in ways that were not authorized.  For example, Leisure Living sold products in the U.S. that were limited to the Canadian market and also sold products over the Internet that were designated for sale only in brick-and-mortar shops.

294.    Leisure Living's deceptive conduct has caused distributors to violate their distribution agreements with Hayward.

295.    Leisure Living's conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law.  Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

296.    Leisure Living's conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

297.    By reason of Leisure Living's misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## REQUEST FOR RELIEF

Hayward respectfully asks this Court to enter judgment for Hayward and against Leisure Living and to grant the following relief:

A.    Judgment in favor of Hayward and against Leisure Living on all counts;

B.    An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently enjoining Leisure Living, including its officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Leisure Living, from the following acts:

i.      falsely and misleading advertising its pool cleaners and other products, including claiming that they are "HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, AQUANAUT® and T-CELL-15®" or any other false or misleading claims that suggest certification, authorization, or sponsorship by Hayward;

ii.      infringing any of the Hayward Marks;

iii.      using any of the Hayward Marks, or any confusingly similar marks alone or in combination with other words, symbols, or designs, in connection with the manufacture, offer for sale, sale, or advertising of pool cleaners;

iv.      using any trade name, words, abbreviations, or any combinations thereof that would imitate, resemble, or suggest the Hayward Marks;

v.      passing off its pool cleaners (or HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners or T-CELL-15® salt cells that have been materially altered) as genuine or authorized HAYWARD® or under the Hayward Marks pool cleaners;

vi.      advertising or selling counterfeit HAYWARD® ASTROLITE™ pool AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners or T-CELL-15® salt cells;

vii.      making any statement or representation that falsely designates or describes Leisure Living's pool cleaners as authorized, certified, or sponsored by, or associated with, Hayward or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such pool cleaners and/or other pool equipment; and

ix.      otherwise competing unfairly with Hayward with respect to the advertising and sale of pool cleaners designed as HAYWARD® AQUABUG®,

NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® pool cleaners; and other Hayward pool products;

C.       An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently directing Leisure Living, including its officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Leisure Living, to perform the following remedial measures:

i.       Providing notice to all customers and resellers of the "certified refurbished" Leisure Living pool cleaners bearing the HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® marks that such pool cleaners are not authorized or certified by Hayward;

ii.       Removing from all websites its false, deceptive and misleading advertising for Hayward's pool cleaners and other Hayward pool equipment, as described herein;

iii.       Issuing a recall notice to all purchasers of Leisure Living's "certified refurbished" pool cleaners in the United States and offering a full refund to any customers who purchased such pool cleaners;

vi.       Under 15 U.S.C. § 1118 and/or other applicable law, destroying all inventory of "certified refurbished" HAYWARD® AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, and AQUANAUT® or other Hayward products with the replaced or repaired parts and certifying to Hayward that such destruction has occurred, including the number of units destroyed and the manner of their destruction; and

v.       Within thirty (30) days, providing to Hayward a sworn statement as to how it has complied with the Court's orders

D.      An award of damages under 15 U.S.C. § 1117, and/or other applicable law, including, without limitation, disgorgement of profits, lost profits, and/or any other damages sufficient to compensate Hayward for Leisure Living's trademark infringement, false advertising, counterfeiting, passing off,  unfair competition, and false designation of origin;

E.      An accounting to determine the proper amount of damages;

F.      A three-fold increase in damages under 15 U.S.C. § 1117 and/or other applicable law, for Leisure Living's willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

G.      An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of costs and pre- and post-judgment interest on Hayward's compensatory damages;

H.      An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of statutory damages;

I.      Pursuant to 15 U.S.C. § 1117 and/or other applicable law, an award of reasonable attorneys' fees and the costs of this action;

J.      A finding that Leisure Living infringed each of the Hayward Copyrights in the brochures, user manuals, technical specification sheets, marketing materials, instructional videos, and warranties for the NAVIGATOR®, SHARKVAC BY HAYWARD®, AQUANAUT®, AQUABUG®, PERFLEX®, and AQUARITE® products;

K.      An order that Leisure Living, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with it, be temporarily, preliminary, and permanently restrained and enjoined from directly or indirectly infringing the Hayward Copyrights;

L.      An award of statutory damages pursuant to 17 U.S.C. § 504(c) for Leisure Living's willful infringement, or in the alternative, such actual damages as it sustained as a result of Leisure Living's infringement of the Hayward Copyrights, as well as Leisure Living's profits attributable to their unlawful acts in violation of the Hayward Copyrights pursuant to 17 U.S.C. § 504(b);

M.      An order that Leisure Living immediately remove all infringing videos, graphics, artworks, photographs in violation of the Hayward Copyrights;

N.      An order under 17 U.S.C. § 502 and/or other applicable law preliminarily and permanently enjoining Leisure Living from future copying of the material protected by the Hayward Copyrights without Hayward's permission; and

O.      Such further relief as this Court deems just and proper to prevent the public from deriving any erroneous impression that any products or advertising circulated or promoted by Leisure Living are authorized by Hayward or related in any way to Hayward's products.

## **JURY DEMAND**

HAYWARD REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


Dated:  July 29, 2020

s/Scott S. Christie
Scott S. Christie
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel:  (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
**MCCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110

63

Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

64

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I certify that the matter in controversy is not the subject of any other action or proceeding

pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 29, 2020

s/Scott S. Christie
Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
**McCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

ME1 33707428v.1

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 201.1</u>

Pursuant to Local Civil Rule 201.1, I hereby certify the above-captioned matter is not subject to compulsory arbitration in that, *inter alia*, the Plaintiff seeks non-monetary injunctive relief and the amount in controversy exceeds the $150,000 threshold exclusive of interest and costs and any claim for punitive damages.

Dated: July 29, 2020

/s/ Scott S. Christie
Scott S. Christie
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
**MCCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

ME1 33707428v.1