A. Ross Pearlson, Esq.
Abigail J. Remore, Esq.
Aaron P. Davis, Esq.
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
Email:  ajremore@csglaw.com
*Attorneys for Defendants*
*R&P Pools Inc. d/b/a Leisure Living*
*d/b/a Poolsupplies.com, Four Seasons*
*Pool Supply, AMZ Pool Supply, and*
*Save More on Pool Supplies*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., | Civil Action No.: 2:20-cv-09647 |
| Plaintiff, | *Document Electronically Filed* |
| vs. | **ANSWER** |
| R&P POOLS INC. *d/b/a* LEISURE LIVING *d/b/a* POOLSUPPLIES.COM, FOUR SEASONS POOL SUPPLY, AMZ POOL SUPPLY and SAVE MORE ON POOL SUPPLIES, | **AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

<u>**ANSWER**</u>

Defendants R&P Pools Inc. *d/b/a* Leisure Living *d/b/a* Poolsupplies.com, Four Seasons

Pool Supply, AMZ Pool Supply and Save More on Pool Supplies (collectively, "Defendants"),

by way of answer to Plaintiff Hayward Industries, Inc.'s ("Plaintiff") Complaint, state as follows:

**THE PARTIES**

1.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny the same.

2.       Admitted.

3.       Admitted.

4.       Defendants deny that Save More on Pool Supplies is a New York corporation, that Save More on Pool Supplies is wholly owned by Leisure Living and that Save More on Pool Supplies is a registered d/b/a of Leisure Living.  Defendants admit the remaining allegations of Paragraph 4.

5.       Admitted.

**JURISDICTION AND VENUE**

6.       To the extent the allegations contained in Paragraph 6 set forth legal conclusions, no response is required.  Defendants admit that Paragraph 6, in part, states various claims that the Complaint purports to raise against them, but deny that any such claims are meritorious.

7.       To the extent the allegations contained in Paragraph 7 set forth legal conclusions, no response is required.  Defendants admit that Paragraph 7, in part, states various claims that the Complaint purports to raise against them, but deny that any such claims are meritorious.

8.       To the extent the allegations contained in Paragraph 8 set forth legal conclusions, no response is required.  Defendants admit that one or more of Defendants operate a website, www.poolsupplies.com, from which products can be purchased.  Defendants admit that such website permits New Jersey residents to purchase products.  Defendants deny the remaining allegations in Paragraph 8.

4852-5515-2845

9.      To the extent the allegations contained in Paragraph 9 set forth legal conclusions, no response is required.  Defendants admit that one or more of the Defendants sell products through amazon.com, eBay and Walmart.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding where ads from these websites outside of Defendants' control are displayed and where products from such websites are sold and therefore deny the same. Defendants deny the remaining allegations in Paragraph 9.

10.     The allegations contained in Paragraph 10 set forth legal conclusions to which no response is required.

## FACTUAL BACKGROUND

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore deny the same.

12.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore deny the same.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Defendants admit that Paragraph 16, in part, states various claims that the Complaint purports to raise against them, but deny that any such claims are meritorious. Defendants deny the remaining of the allegations in Paragraph 16.

17.     Defendants admit that Paragraph 17, in part, states various claims that the Complaint purports to raise against them, but deny that any such claims are meritorious. Defendants deny the remaining of the allegations in Paragraph 17.

4852-5515-2845

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the same.  To the extent the allegations contained in Paragraph 18 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.  To the extent the allegations contained in Paragraph 19 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny the same.  To the extent the allegations contained in Paragraph 20 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny the same.  To the extent the allegations contained in Paragraph 21 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny the same.  To the extent the allegations contained in Paragraph 22 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore deny the same.  To the extent the

4

allegations contained in Paragraph 23 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny the same.  To the extent the allegations contained in Paragraph 24 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny the same.  To the extent the allegations contained in Paragraph 25 refer to a specific document, Defendants respectfully refer the Court to the document for its contents.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore deny the same.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore deny the same.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore deny the same.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore deny the same.  To the extent the allegations contained in Paragraph 29 refer to specific documents, Defendants respectfully refer the Court to the documents for their contents.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny the same.  To the extent the

allegations contained in Paragraph 30 refer to specific documents, Defendants respectfully refer the Court to the documents for their contents.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore deny the same.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny the same.

33.     Defendants admit that R&P Pools Inc. operates an on-line retailer (www.poolsupplies.com) that sells various products for pools and spas.  Defendants deny the remaining allegations contained in Paragraph 33.

34.     Defendants admit that Leisure Living is not currently a party to any agreement with Hayward relating to the resale of Hayward products.  Defendants deny the remaining allegations contained in Paragraph 34.

35.     Defendants deny that any Hayward products sold or advertised by Defendants are or were infringing or counterfeit.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore deny the same. To the extent the allegations in Paragraph 35 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.

36.     Defendants deny that any cleaning machines sold or advertised by Defendants are or were counterfeit.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and therefore deny the same.  To the extent the allegations in Paragraph 36 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.

37.     Denied.

4852-5515-2845

38.     To the extent the allegations contained in Paragraph 38 refer to a third party's subjective mental state, Defendants lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny same.  To the extent the allegations in Paragraph 38 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.

39.     Denied.

40.     Denied.

41.     Denied.

42.     To the extent the allegations in Paragraph 42 refer to specific websites, Defendants respectfully refer the Court to the websites for their contents. Defendants deny the remaining allegations of Paragraph 42.

43.     To the extent the allegations in Paragraph 43 refer to specific websites, Defendants respectfully refer the Court to the websites for their contents. To the extent the allegations contained in Paragraph 43 refer to a third party's subjective mental state, Defendants lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny same.  Defendants deny the remaining allegations of Paragraph 43.

44.     To the extent the allegations contained in Paragraph 44 refer to what the advertisements suggest to consumers, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  To the extent the allegations in Paragraph 44 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.

45.     To the extent the allegations contained in Paragraph 45 refer to a customer or potential customer's subjective mental state or future actions, Defendants lacks knowledge or

7

information sufficient to form a belief as to the truth of those allegations and therefore deny same. Defendants deny the remaining allegations of Paragraph 45.

46.     To the extent to the allegations in Paragraph 46 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and therefore deny the same.

47.     To the extent the allegations contained in Paragraph 47 refer to consumers' mental states, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 47.

48.     Denied.

49.     To the extent the allegations contained in Paragraph 49 refer to specific documents, Defendants respectfully refer the Court to those documents for their contents. Defendants deny the remaining allegations in Paragraph 49.

50.     To the extent the allegations contained in Paragraph 50 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants deny the remaining allegations in Paragraph 50.

51.     Denied.

52.     Denied.

53.     To the extent the allegations contained in Paragraph 53 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants deny the remaining allegations in Paragraph 53.

54.     To the extent the allegations contained in Paragraph 54 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants deny the remaining allegations in Paragraph 54.

55.     To the extent the allegations contained in Paragraph 55 refer to a specific website or document, Defendants respectfully refer the Court to the website or document for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 regarding actions customers may or may not have taken or a single specific item that may have been shipped to an individual consumer and therefore deny the same. Defendants deny the remaining allegations in Paragraph 55.

56.     To the extent the allegations contained in Paragraph 56 refer to a consumer's mental state or a single specific item that may have been shipped to an individual consumer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  To the extent the allegations contained in Paragraph 56 refer to a specific website or document, Defendants respectfully refer the Court to the website or document for its contents.  Defendants deny the remaining allegations in Paragraph 56.

57.     To the extent the allegations contained in Paragraph 57 refer to a consumer's mental state, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  To the extent the allegations contained in Paragraph 57 refer to a specific website or document, Defendants respectfully refer the Court to the website or document for its contents.  Defendants deny the remaining allegations in Paragraph 57.

9

58.     To the extent the allegations contained in Paragraph 58 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants deny the remaining allegations in Paragraph 58.

59.     To the extent the allegations contained in Paragraph 59 refer to a specific website, Defendants respectfully refer the Court to the website for its contents.  Defendants deny the remaining allegations in Paragraph 59.

60.     To the extent the allegations contained in Paragraph 60 refer to a website or document, Defendants respectfully refer the Court to the website or document for its contents. Defendants deny the remaining allegations in Paragraph 60.

61.     To the extent the allegations contained in Paragraph 61 refer to a consumer's mental state, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 61.

62.     To the extent the allegations contained in Paragraph 62 contain legal conclusions, no response is required.  Defendants admit they are aware of Hayward's products.  Defendants deny the remaining allegations in Paragraph 62.

63.      Defendants admit receipt of the March 25, 2020 letter.  To the extent the allegations contained in Paragraph 63 contain legal conclusions, no response is required. Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants admit that they removed some content from their website after receipt of the March 25, 2020 letter.  Defendants deny the remaining allegations in Paragraph 64.

65.     Denied.

66.     Denied.

67. Denied.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and therefore deny same.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and therefore deny same.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and therefore deny same.

71. Defendants admit that they have obtained Hayward products for resale. Defendants deny the remaining allegations in Paragraph 71.

72. Denied.

**COUNT I**
**False Advertising in violation of Section 43(a) of the**
**Lanham Act, 15 U.S.C. § 1125(a)**

73. Defendants repeat and hereby incorporate each and every response to the allegations set forth in Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

11

83.     Denied.

84.     Denied.

85.     Denied.

## COUNT II
## Federal Trademark Infringement of the HAYWARD® Mark in violation of
## Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

86.     Defendants repeat and hereby incorporate each and every response to the allegations set forth in Paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87.     To the extent the allegations contained in Paragraph 87 state legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 87.

88.     To the extent the allegations contained in Paragraph 88 state legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 88.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

## COUNT III
## Federal Trademark Infringement of the AQUABUG® Mark in Violation of
## Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

94.     Defendants repeat and hereby incorporate each and every response to the allegations set forth in Paragraphs 1 through 93 of the Complaint as though fully set forth herein.

95.     To the extent the allegations contained in Paragraph 95 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 95.

4852-5515-2845

96.     To the extent the allegations contained in Paragraph 96 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 96.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

**COUNT IV**
**Federal Trademark Infringement of the AQUANAUT® Mark in Violation of**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

102.    Defendants repeat and hereby incorporate each and every response to the allegations set forth in Paragraphs 1 through 101 of the Complaint as though fully set forth herein.

103.    To the extent the allegations contained in Paragraph 103 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 103.

104.    To the extent the allegations contained in Paragraph 104 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 104.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

4852-5515-2845

## COUNT V
### Federal Trademark Infringement of the NAVIGATOR® Mark in Violation of <u>Section 32(1) of the Lanham Act, 15 U.S.C. § 1114</u>

110.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 109 of the Complaint as though fully set forth herein.

111.    To the extent the allegations contained in Paragraph 111 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 111.

112.    To the extent the allegations contained in Paragraph 112 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 112.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

## COUNT VI
### Federal Trademark Infringement of the SHARKVAC BY HARWARD® Mark <u>in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114</u>

118.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 117 of the Complaint as though fully set forth herein.

4852-5515-2845

119.    To the extent the allegations contained in Paragraph 119 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 119.

120.    To the extent the allegations contained in Paragraph 120 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 120.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

## COUNT VII
### Federal Trademark Infringement of the AQUARITE® Mark in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114

125.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 124 of the Complaint as though fully set forth herein.

126.    To the extent the allegations contained in Paragraph 126 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 126.

127.    To the extent the allegations contained in Paragraph 127 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 127.

128.    Denied.

129.    Denied.

4852-5515-2845

130.    Denied.

131.    Denied.

132.    Denied.

**COUNT VIII**

**Federal Trademark Infringement of the PERFLEX® Mark in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114**

133.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 132 of the Complaint as though fully set forth herein.

134.    To the extent the allegations contained in Paragraph 134 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 134.

135.    To the extent the allegations contained in Paragraph 135 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 135.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

**COUNT IX**
**Federal Trademark Infringement of the T-CELL-15® Mark in Violation of**
<u>Section 32(1) of the Lanham Act, 15 U.S.C. § 1114</u>

141.    Defendants hereby repeat and incorporate each and every response to the allegations contained in Paragraphs 1 through 140 of the Complaint as though fully set forth herein.

142.    To the extent the allegations contained in Paragraph 142 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 142.

143.    To the extent the allegations contained in Paragraph 143 set forth legal conclusions, no response is required.  Defendants deny the remaining allegations in Paragraph 143.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

**COUNT X**
**Federal Trademark Counterfeiting in Violation of**
<u>Section 32 of the Lanham Act, 15 U.S.C. § 1114</u>

149.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 148 of the Complaint as though fully set forth herein.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and therefore deny same.

17

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

## COUNT XI
### Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by Unauthorized Use of the HAYWARD®, AQUABUG®, NAVIGATOR®, SHARKVAC BY HAYWARD®, AQUANAUT®, AQUARITE®, PERFLEX®, AND T-CELL-15® Marks

156.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 155 of the Complaint as though fully set forth herein.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

## COUNT XII
### Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by Passing Off

163.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 162 of the Complaint as though fully set forth herein.

164.    Denied.

4852-5515-2845

165.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and therefore deny same.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

**COUNT XIII**
**False Advertising in Violation of N.J.S.A. § 56:8-2 et seq.**

173.     Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 172 of the Complaint as though fully set forth herein.

174.     Admitted.

175.     Admitted.

176.     Denied.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

19

**COUNT XIV**
**Unfair Competition in Violation of N.J.S.A. § 56:4-1**

181.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 180 of the Complaint as though fully set forth herein.

182.    Denied.

183.    Admitted.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

**COUNT XV**
**Trademark Infringement and Unfair Competition under**
**New Jersey Common Law**

189.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 188 of the Complaint as though fully set forth herein.

190.    Denied.

191.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and therefore deny same.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

4852-5515-2845

196.    Denied.

197.    Denied.

## COUNT XVI
## Unjust Enrichment

198.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 197 of the Complaint as though fully set forth herein.

199.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and therefore deny same.

200.    Denied.

201.    Denied.

202.    Denied.

## COUNT XVII
## Copyright Infringement in Violation of 17 U.S.C. § 501
## TX-8-880-012 ("Navigator Pro Sell Sheet")

203.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 202 of the Complaint as though fully set forth herein.

204.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and therefore deny same.

205.    Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 205.

206.    Denied.

207.    Denied.

208.    Denied.

209.   Denied.

210.   Denied.

211.   Denied.

## COUNT XVIII
### Copyright Infringement in Violation of 17 U.S.C. § 501
### TX 8-880-173
### ("Hayward Owner's Manual 2 Wheel and 4 Wheel Suction Side Pool Cleaners")

212.   Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 211 of the Complaint as though fully set forth herein.

213.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 and therefore deny same.

214.   Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 214.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

4852-5515-2845

**COUNT XIX**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-880-170 ("Hayward Owner's Manual for AQUABUG/DIVER DAVE/WANDA**
**WHALE/AQUACRITTER Above Ground Automatic Pool Cleaner")**

221.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 220 of the Complaint as though fully set forth herein.

222.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 and therefore deny same.

223.    Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 223.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

**COUNT XX**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-881-738 ("Hayward Owner's Manual Perflex Extended Cycle Filtration System")**

230.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 229 of the Complaint as though fully set forth herein.

231.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 and therefore deny same.

23

232.     Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 232.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Denied.

237.     Denied.

238.     Denied.

**COUNT XXI**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-881-935 ("SharkVac Series Sell Sheet")**

239.     Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 238 of the Complaint as though fully set forth herein.

240.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 and therefore deny same.

241.     Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 241.

242.     Denied.

243.     Denied.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

**COUNT XXII**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-882-027**
**("Hayward Pool Vac XL, Navigator Pro, Pool Vac Classic, Owner's Manual")**

248.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 247 of the Complaint as though fully set forth herein.

249.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 and therefore deny same.

250.    Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 250.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

**COUNT XXIII**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**PA 2-248-359 ("AquaNaut 200 & 400 Automatic Suction Pool Cleaner Video")**

257.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 256 of the Complaint as though fully set forth herein.

258.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 and therefore deny same.

25

259.   Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 259.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

265.   Denied.

**COUNT XXIV**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-882-962 ("Owner's Guide SandMaster")**

266.   Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 265 of the Complaint as though fully set forth herein.

267.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 and therefore deny same.

268.   Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 268.

269.   Denied.

270.   Denied.

271.   Denied.

272.   Denied.

273.   Denied.

274.   Denied.

4852-5515-2845

**COUNT XXV**
**Copyright Infringement in Violation of 17 U.S.C. § 501**
**TX 8-883-187 ("SharkVac by Hayward Owner's Manual")**

275.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 274 of the Complaint as though fully set forth herein.

276.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 and therefore deny same.

277.    Leisure Living admits that it was given access to Hayward's documents by Hayward.  Defendants deny the remaining allegations in Paragraph 277.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

**COUNT XXVI**
**Tortious Interference with Prospective Economic Advantage**

284.    Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 283 of the Complaint as though fully set forth herein.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.   Denied.

290.   Denied.

## COUNT XXVII
### Tortious Interference with Contracts

291.   Defendants repeat and hereby incorporate each and every response to the allegations contained in Paragraphs 1 through 290 of the Complaint as though fully set forth herein.

292.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292 and therefore deny same.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

297.   Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Defendants reasonable attorneys' fees, costs of suit, and any and all such other and further relief as the Court may deem just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants had a valid license and/or sub-license to utilize the allegedly infringing trademarks and copyrights.

4852-5515-2845

## SECOND AFFIRMATIVE DEFENSE

The entities from whom Defendants obtained Hayward products authorized the Defendants to advertise and sell such products in the manner in which Defendants advertised and sold them.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the first sale doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's supposed use of the allegedly infringed trademarks constituted fair use within the meaning of 15 U.S.C. § 1115 and the common law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's supposed use of the allegedly infringed copyrighted works constituted fair use within the meaning of 17 U.S.C. § 107.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands based upon Plaintiff's conduct, which includes, but, upon information and belief, is not limited to trademark misuse, copyright misuse, anticompetitive behavior and violating state business laws such as New York General Business Law Section 369-b.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's damages or harm, if any, are the result of their own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering statutory damages and attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

4852-5515-2845

**TENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrines of laches, waiver, estoppel and/or acquiescence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants reserves the right prior to trial or at trial of this matter to interpose any and all other additional objections and/or further defenses as may exist or become available.

**JURY DEMAND**

Defendants request a trial by jury on all issues so triable.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Defendants reasonable attorneys' fees, costs of suit, and any and all such other and further relief as the Court may deem just and proper.

CHIESA SHAHINIAN & GIANTOMASI PC
*Attorneys for Defendants*

By:  /s/ *Abigail J. Remore*
        Abigail J. Remore
        CHIESA SHAHINIAN & GIANTOMASI PC
        One Boland Drive
        West Orange, NJ 07052
        (973) 325-1500
        ajremore@csglaw.com

Dated:  October 2, 2020

30

4852-5515-2845

## <u>CERTIFICATION OF SERVICE</u>

I certify that the within Answer was served on this date upon the below individuals via ECF:

Scott S. Christie
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts 02110
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

CHIESA SHAHINIAN & GIANTOMASI PC
*Attorneys for Defendants*

By: <u>/s/ *Abigail J. Remore*</u>
      ABIGAIL J. REMORE

Dated:  October 2, 2020

31

4852-5515-2845